**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03936-NYW

GERMAN NATAEL LOPEZ GARCIA,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (“Petition”), [Doc. 1], and Petitioner’s Emergency Motion to Stay Removal Pending Resolution of Petition for Writ of Habeas Corpus (“Motion”), [Doc. 2]. Petitioner is a noncitizen who is currently detained at the ICE Contract Detention Facility in this District. [Doc. 1 at ¶¶ 2, 31, 38]. He seeks, among other things, a Court order directing Respondents to immediately release him from custody. [*Id.* at 23].

## I. Order to Show Cause

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, and shall also send a courtesy copy of the Petition and this Order to Respondents via email, on or before **September 1, 2026**. Petitioner shall promptly file proof of such service on the docket, and counsel for Respondents shall promptly enter their notices of appearance. Within

**seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **seven days** after the Response.

**II. All Writs Act Order**

In the Motion, Petitioner asks the Court to invoke its authority under the All Writs Act and enjoin his removal while this action remains pending. *See* [Doc. 2]. The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

The Court respectfully disagrees, however, that an injunction on Petitioner's *removal* from the United States is necessary or appropriate while the Court determines the legality of his *detention*. "[H]abeas is at its core a remedy for unlawful executive detention." *DHS v. Thuraissigiam*, 591 U.S. 103, 119 (2020). "Because 'the essence of habeas corpus is an attack by a person in custody,' it cannot be used to challenge 'something other than the fact or length of his confinement.'" *I.M. v. U.S. Customs & Border Prot.*, 67 F.4th 436, 442 (D.C. Cir. 2023) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973)). Thus, a request for relief against removal is not cognizable in habeas. *See Thuraissigiam*, 591 U.S. at 119–20; *see also, e.g.*, *Rauda v. Jennings*, 55 F.4th 773, 779–80 (9th Cir. 2022) (applying *Thuraissigiam* and enforcing statutory limits on habeas jurisdiction where petitioner sought to "avoid being released (into El Salvador)" instead of seeking relief from "unlawful custody").

Congress has similarly established a distinction between detention and removal. Several provisions of the Immigration and Nationality Act, as amended, strip district courts of jurisdiction to review a noncitizen's removal and concentrate removal-related review in the Courts of Appeals. First, 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." Second, 8 U.S.C. § 1252(b)(9) instructs that no court has jurisdiction to review any question of law or fact "arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter," except through a petition for review. And third, under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the

decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Taken together, these provisions instruct that if Petitioner fears Respondents will execute his order of removal before this proceeding has concluded, *see* [Doc. 2 at ¶ 3], he must seek relief from the appropriate court of appeals.

That Petitioner seeks removal-related relief on a preliminary basis, rather than on the merits, does not change the result. In general, preliminary injunctions grant "intermediate relief of the same character as that which may be granted finally." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). To be sure, the All Writs Act confers broad authority to preserve the status quo or the Court's jurisdiction. *Dean Foods Co.*, 384 U.S. at 603. But that authority extends only to the Court's *existing* jurisdiction; the All Writs Act is not its own "font of jurisdiction." *United States v. Denedo*, 556 U.S. 904, 914 (2009). And, as explained, a district court's habeas jurisdiction is strictly confined to review of immigration detention, not removal. Crossing the clear boundary between habeas and removal proceedings, even on a preliminary basis, would exceed this Court's limited jurisdiction.

Petitioner's reliance on traditional equitable principles is also unpersuasive. He argues that enjoining his removal is necessary to prevent irreparable harm. [Doc. 2 at 3]. But this misapprehends the nature of a habeas proceeding. Because a party seeking a preliminary injunction must establish a relationship between the injury claimed in the motion and the underlying conduct, *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010), "[a] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action,"

*Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). In this action, Petitioner's only asserted injury is that his continued detention by Respondents is unlawful. *See* [Doc. 1 at ¶ 29]. To the extent Respondents seek to separately enforce a valid final order of removal, this Court can neither hear any substantive challenges to such order nor enjoin them from executing it. While removal might harm Petitioner in other ways, such hardship is distinct from the legal injury of unlawful detention that underlies a habeas proceeding. *Cf. Thuraissigiam*, 591 U.S. at 119–20.

Accordingly, the Court exercises its All Writs Act authority in a manner that facilitates its ability to resolve the issues within its jurisdiction. Pursuant to the All Writs Act, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado so long as Petitioner remains in Respondents' custody. This order does not preclude Respondents from removing Petitioner from the United States pursuant to a valid final order of removal. This order shall remain in effect unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See Hernandez Diaz v. Baltasar*, No. 26-cv-03019-NYW, ECF No. 5 at 2–3 (D. Colo. July 17, 2026); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992). Petitioner's Emergency Motion to Stay Removal Pending Resolution of Petition for Writ of Habeas Corpus [Doc. 2] is respectfully **DENIED**.

DATED: August 27, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge